IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Civil Division)

          *

**TROY ERIC BARNES**
**Western Correctional Institution**  *
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

          *  **Civil Case No.:**

  **Plaintiff**

          *

**Vs.**

          *

**STATE OF MARYLAND**
**Nancy K. Kopp**
**Louis L. Goldstein Building**
**80 Calvert Street**
**Room 109**
**Annapolis, MD 21401**

**RICHARD J. GRAHAM, JR**
**Warden**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**
*OFFICIAL CAPACITY*

**WESTERN CORRECTIONAL INSTITUTE**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**BRADLEY BUTLER**
**Chief of Security**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**STEPHEN T. MOYER**
**Secretary**
**Maryland Department of Safety and**
**Correctional Services**

**OFFICER N. HERTZ**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**


**OFFICER B. WILBURN**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**INMATE PHILLIP JACKSON**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**OFFICER BEAL**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**OFFICER S. WILSON**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**LT. GORDON**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**SGT SLATE**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502**

**Officer Fontaine**
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**
**Cumberland, Maryland 21502.**

     **Defendants**

*       *       *       *       *       *       *       *       *       *       *       *       *

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES**, TROY BARNES, "Plaintiff," by and through her attorneys, Jessie

Lyons Crawford, Esquire and the Law Offices of Jessie Lyons Crawford, LLC, and hereby sues

the above-captioned Defendants. In support thereof states:

## PARTIES

1. TROY ERIC BARNES, plaintiff, is an inmate at Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502.
2. STATE OF MARYLAND, Nancy K. Kopp, Louis L. Goldstein Building, Nancy K. Kopp, Louis L. Goldstein Building, 80 Calvert Street, Room 109, Annapolis, MD 21401.
3. RICHARD J. GRAHAM, JR, Warden, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502, sued in his *OFFICIAL CAPACITY*.
4. WESTERN CORRECTIONAL INSTITUTE, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502.
5. BRADLEY BUTLER, Chief of Security, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502, *OFFICIAL CAPACITY*.
6. STEPHEN T. MOYER, Secretary, Maryland, Department of Safety and Correctional Services, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *OFFICIAL CAPACITY*.
7. OFFICER B. WILBURN, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *OFFICIAL CAPACITY*.
8. INMATE PHILLIP JACKSON, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502.
9. OFFICER BEAL, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*.
10. OFFICER S. WILSON, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*.
11. OFFICER N. HERTZ, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*.
12. LT. GORDON, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*.
13. SGT. SLATE Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*.
14. Officer Fontaine, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*.

## JURISDICTION

1. This action arises under a Federal Statute 42 U.S.C. § 1997e (a).

2. Section 1983 of Title 42 of the U.S. Code, Civil Rights Act of 1971.

3.    28 U.S.C.A. § 1343 (3) (1948) and 28 U.S.C. §1331 (1984.

## EXHAUSTON OF ADMINISTRATIVE REMEDIES

4.    The Plaintiff has exhausted his administrative remedies as required under 42

U.S.C.§ 1997 (a).

## FACTUAL ALLEGATIONS

5.  In October 2011, Troy Barnes was transferred to Western Correctional Institution (WCI).

6.  On November 26, 2011, Mr. Barnes's half-brother, via father Corey Barnes Sr., Dallas Evans, an inmate at WCI and known/flagged Crip leader/gang member, was involved in an alteration/stabbing with several members of the rival blood gang. Mr. Evans was taken to NBCI correctional facility after the incident; the blood members who involved were placed on disciplinary cell restriction.

7.  The Blood members who were involved in the 11/26/2011 incident are finally allowed off cell restriction and return to the general population.

8.  On June 6, 2012, while in line for commissary, Troy Barnes witnessed/heard blood members, named "Homicide" and another named "Trouble," discussing their intentions to kill Barnes because of his relation to the rival gang leader Dallas Evans. After hearing this, Barnes left the commissary room and headed toward the nearest watch booth. While on his way, Sgt J. Femi approached Barnes and asked where he was going. Barnes explained that he did not want to return to his own cell because of what he heard the gang members discussing. Femi insisted that Barnes return to his cell, but Barnes refused. Femi placed hand restraints on Barnes and escorted him to Unit #4, where he was given a ticket and put on disciplinary segregation for 45 days.

9.  On July 2, 2012, Troy Barnes and his mother both send letters to the warden expressing concerns of Barnes's safety. Barnes's requested to be placed in protective custody but was denied.

10. On July 20, 2012, Troy Barnes was informed that his segregation time was over, and he was going to be sent back to the general population. Barnes asked what housing unit he was going to and was told HU 3, the "gang" housing unit which is the building he fled from. Barnes was again forced to refuse housing to ensure his safety.

11. On August 2012, Barnes met with case managers, Steve Helmick and Dave Bittinger, as well as Lt. Gordon (or Lt. Liken) about my safety concerns if he returned to HU 3. It was reconciled and Barnes was sent to HU 2 upon completed segregation sentence on September 3, 2012

12. On February 17, 2015, Inmate Phillip Jackson was transferred from Hagerstown Correctional Institution for assault on staff. Upon arrival, Jackson threatened to fight every cell mate unless he was put in a cell with his old cellmate from Hagerstown.

13. On February 20, 2015, Phillip Jackson attacked Mr. Barnes for the first time. The attack leaves Barnes with a split top lip.

14. On February 21, 2015, Mr. Barnes discovers that Mr. Jackson is a blood gang member when Mr. Jackson mentions a discussion he and Lt. Gordon had about his gang involvement.

15. On February 24, 2015, Mr. Mr. Barnes attempted to save himself by informing COR. Beal during lunch time that he needed help for an anxiety attack/thought of harming himself. Later Mr. Barnes is taken to holding cell "door 419" where he is slammed to the ground while in handcuffs and struck in face with knee of Officer B. Wilburn and repeatedly sprayed with pepper spray while being interrogated, hackled, made fun of, called stupid, etc. After Officers N. Hertz and Officer B. Wilburn left 5 minutes later Sgt Slate entered saying "hey stupid" and sprayed Mr. Barnes once more with pepper spray. 10 minutes later Mr. Barnes sees a nurse and pictures are taken of him and he's sent to a scalding hot shower to wash off the spray. (impossible because of heat which is controlled in "bubble") 20 minutes later Mr. Barnes is taken to SOH medical observational housing where he was evaluated by psychology associate Shane Weber, whom Mr. Barnes asked if it would be possible to finish his remaining 22 days of segregation time in SOH because he couldn't return to his cell, cell 35 A-Tier HU 4. After 24 hours in SOH Mr. Barnes was discharged.

16. On February 25, 2015, Mr. Barnes is returned to HU 4, put in holding cell of the property room where property officer S. Wilson was getting property. Mr. Barnes asked him if he knew what cell they were putting him in. Mr. Wilson said cell 35. Mr. Barnes asked if inmate Philip Jackson was still in there, and he replied yes. Mr. Barnes told officer Wilson that he couldn't go back in there with him and he replied "what's he doing to you" Mr. Barnes replied that Mr. Jackson promised to hurt him if he returned. Dismissively the officer said well if you refuse you'll go in b-1 (cell) "the butt naked cell." Mr. Barnes said okay he will go there. Mr. Barnes was taken to cell B-1 and remained there until March 1. 2015 with no mattress or blanket and forced to sleep on the concrete which was riddled with mice feces. Mr. Barnes was only fed breakfast 3 times, not served lunch, and fed dinner only twice.

17. On March 1, 2015Officer B. Wilburn came to cell B-1 and said Mr. Barnes was going back to normal housing. As they got to a tier Mr. Barnes asked what cell he was being placed in and Officer Wilburn replied Cell 35. Mr. Barnes said he couldn't go back in there because he will be in danger. Officer Wilburn replied, "well you're going." Mr Barnes said he refused and asked to be taken back to B-1. Officer Wilburn said that he didn't have that option anymore so Mr. Barnes asked to see a lieutenant. Officer Wilburn said refused. Mr. Barnes was forcibly taken to cell B5. Mr. Barnes said that there were going to be problems and said "please I can't go in." Standing nearby were officers

including Sgt Slate and S. Wilson. Out of fear of being abused and sprayed by staff again Mr. Barnes entered cell 35.

18. On March 2, 2015, Mr. Barnes filled out a request for administrative remedy for a violation of protocol on the part of Officer Hertz and Wilburn in regards to handling Mr. Barnes in need of psychiatric help. When Mr. Barnes asked for help due to severe anxiety and suicidal thoughts he was ignored.

19. On March 5, 2015, the assault began. First open hand strikes that swelled my Mr. Barnes lips and the assailant inmate Philip Jackson ripped out the top portion of Mr. Barnes dreadlocks. Jackson forced Mr. Barnes to do pushups/squats until he could not stand and struck him with his fist whenever Mr. Barnes fell or passed out. Jackson took all of Mr. Barnes food and only let Mr. Barnes drink water. Mr. Jackson made Mr. Barnes sleep on the floor.

20. On March 6, 2015, the abuse continued and was getting more violent. Mr. Barnes face began to swell. Mr. Barnes was forced to put his head in the toilet where inmate Phillip Jackson proceeded to attempt to drown Mr. Barnes multiple times. Mr. Barnes is forced to stand in toilet all night and beaten for shaking or falling. Mr. Barnes is told by inmate Jackson that he would be killed by his blood gang members if he told once he came off lock up.

21. On March 7, 2015, in the morning around 9:30 while returning from the showers, Mr. Barnes walked slowly and once Jackson was out of earshot Mr. Barnes informed Officer Fontaine that he needed help to get out of the cell and said "look at my face". Officer Fontaine told Mr. Barnes to write down what was going on and he would grab it later, but never did.

22. Later this night, Mr. Barnes wrote a sick call slip with a message on it that said "need emergency treatment for blunt force trauma from assault" The abuse continued, torment as well as what was mentioned on March 6 and March 5 of 2015.

23. On March 8, 2015, the abuse peaks. Inmate Jackson beats Mr. Barnes in the head with a food tray, stops him, stands on face, and punches him countless times in face and chest for hours on end.

24. On March 8, 2015, at 7:40 Mr. Barnes hears the medical cart coming. At this time Mr. Jackson had tried to strangle Barnes moments prior to hearing the cart. Mr. Jackson threatened to kill Mr. Barnes. Fearing that Jackson would kill him, when medical opened the cell slots were opened, Mr. Barnes ran past Jackson and put his arms through the slot and reached out to the Officer T. Sines and begged for help screaming "please get me out of here look at me look at me!" By this time Mr. Barnes' head was three times its normal size and yet the officer still hesitated for a minute before calling for help. Mr. Barnes was removed and collapsed on steps of A-tier. Officer Davis was called and assisted lifting Mr. Barnes to the medical ward where he was pre-screened and deemed E.R. status and driven to western Maryland regional health center.

25. On March 9 2015, at 3 in the morning Mr. Barnes returned to WCI and was placed in the infirmary for 4 days.

26. On March 13, 2015, Mr. Barnes was placed on B-Tier cell number 4 HU 4 where he is now placed out of the danger zone.

### COUNT I
### 42 U.S.C. Sec 1983

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally violated the Plaintiff's rights under 42 USC Sec 1983. As a result Mr. Barnes was permanently physically and mentally injured.

### COUNT II
### VIOLATION OF EIGHTH AMENDMENT

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally violated the Plaintiff's rights under the Eight Amendment. As a result Mr. Barnes was permanently physically and mentally injured.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally acted with a disregard for the Plaintiff's safety repeatedly and intended to inflict emotional distress. As a result Mr. Barnes was permanently physically and mentally injured.

### COUNT IV
### NEGLIGENCE- Maryland Tort Claims Act

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally breached their duty of care to the Plaintiff and caused him to suffer damages. As a result Mr. Barnes was permanently physically and mentally injured.

### COUNT V
### VIOLATION OF MARYLAND DECLARATION OF RIGHTS

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally violated the Maryland Declaration of Rights due and owing to the Plaintiff. As a result Mr. Barnes was permanently physically and mentally injured.

## COUNT VI
## ASSAULT

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally caused the Plaintiff to be assaulted repeatedly, as well as assaulted the Plaintiff. As a result Mr. Barnes was permanently physically and mentally injured. As a result Mr. Barnes was permanently physically and mentally injured.

## COUNT VII
## BATTERY

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally caused the Plaintiff to sustain a battery. As a result Mr. Barnes was permanently physically and mentally injured.

## COUNT VIII
## HARASSMENT BY PRISON OFFICIALS

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally harassed the Plaintiff when he begged for protection from Mr. Jackson. As a result Mr. Barnes was permanently physically and mentally injured.

## COUNT IX
## CONSTITUTIONAL TORT –DELIBERATE INDIFFERENCE

Plaintiff incorporates all paragraphs as though fully set forth herein and further alleges that the defendants individually and severally were deliberately indifferent to the Plaintiff because they had knowledge that the Plaintiff would be attacked by Mr. Jackson.  As a result Mr. Barnes was permanently physically and mentally injured.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, as follows:

a.  For all compensatory and punitive damages with respect to statutory and tort claims in an amount being just, not to exceed one million dollars.

b.  For an award of reasonable costs and attorneys fees; and

c.  For any and all other equitable and legal relief to which Plaintiff appears entitled.

February 22, 2016

By:   THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

_____
Jessie Lyons Crawford, Esq.
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net
COUNSEL TO PLAINTIFF

## JURY TRIAL PRAYER

Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

By:   THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

_____
Jessie Lyons Crawford, Esq.