IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Civil Division)

|  |  |  |
|---|---|---|
| | * | |
| **TROY ERIC BARNES** | | |
| **Western Correctional Institution** | * | |
| **13800 McMullen Highway, S.W.** | | |
| **Cumberland, Maryland 21502** | | |
| | * | **Civil Case No.: 1:16-cv-00502ELH** |
| **Plaintiff** | | |
| | * | |
| **vs.** | | |
| | * | |
| **RICHARD J. GRAHAM, JR** | | |
| **Warden** | * | |
| **Western Correctional Institution** | * | |
| **13800 McMullen Highway, S.W.** | | |
| **Cumberland, Maryland 21502** | * | |
| **INDIVIDUAL AND OFFICIAL CAPACITY** | | |
| | | |
| **BRADLEY BUTLER** | * | |
| **Chief of Security** | | |
| **Western Correctional Institution** | * | |
| **13800 McMullen Highway, S.W.** | | |
| **Cumberland, Maryland 21502** | * | |
| **INDIVIDUAL AND OFFICIAL CAPACITY** | | |
| | * | |
| **STEPHEN T. MOYER** | * | |
| **Secretary** | | |
| **Maryland Department of Safety and** | * | |
| **Correctional Services** | | |
| **INDIVIDUAL AND OFFICIAL CAPACITY** | * | |
| | | |
| **OFFICER N. METZ** | * | |
| **Western Correctional Institution** | | |
| **13800 McMullen Highway, S.W.** | * | |
| **Cumberland, Maryland 21502** | | |
| **INDIVIDUAL AND OFFICIAL CAPACITY** | | |
| | * | |
| **OFFICER B. WILBURN** | | |
| **Western Correctional Institution** | * | |
| **13800 McMullen Highway, S.W.** | | |
| **Cumberland, Maryland 21502** | * | |
| **INDIVIDUAL AND OFFICIAL CAPACITY** | * | |

1

**PHILLIP JACKSON, Inmate**            *
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**       *
**Cumberland, Maryland 21502**
                                       *

**OFFICER BEAL**                       *
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**       *
**Cumberland, Maryland 21502**
**INDIVIDUAL AND OFFICIAL CAPACITY**   *

**OFFICER S. WILSON**                  *
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**       *
**Cumberland, Maryland 21502**
**INDIVIDUAL AND OFFICIAL CAPACITY**   *

**LT. GORDON**                         *
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**       *
**Cumberland, Maryland 21502**
**INDIVIDUAL AND OFFICIAL CAPACITY**   *

**SGT SLATE**                          *
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**       *
**Cumberland, Maryland 21502**
**INDIVIDUAL AND OFFICIAL CAPACITY**   *

**Officer Fontaine**                   *
**Western Correctional Institution**
**13800 McMullen Highway, S.W.**       *
**Cumberland, Maryland 21502**
**INDIVIDUAL AND OFFICIAL CAPACITY**   *

        **Defendants.**               *

*     *     *     *     *     *     *     *     *     *     *     *     *     *

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES**, TROY BARNES, "Plaintiff," by and through her attorneys, Jessie

Lyons Crawford, Esquire and the Law Offices of Jessie Lyons Crawford, LLC, and hereby

adopts and fully incorporates the Original Complaint filed herein and files this Amended

2

Complaint (in which certain parties are excluded) and Demand for Jury Trial and sues the above-captioned Defendants. In support thereof states:

## I.      JURISDICTION AND VENUE

This is a civil action authorized by 42 U.S.C. Sect5ion 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.  The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.  Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure

## II.      <u>PARTIES</u>

1. TROY ERIC BARNES, Plaintiff, is an inmate at Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502.  At all relevant times, the Plaintiff was an inmate at Western Correctional Institution.
2. DEFENDANT RICHARD J. GRAHAM, JR, Warden, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502, sued in his *OFFICIAL CAPACITY*. At all relevant times, the Defendant was an employee at Western Correctional Institution.
3. DEFENDANT BRADLEY BUTLER, Chief of Security, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502, *OFFICIAL CAPACITY*. At all relevant times, the Defendant was an employee at Western Correctional Institution.
4. DEFENDANT STEPHEN T. MOYER, Secretary, Maryland, Department of Safety and Correctional Services, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *OFFICIAL CAPACITY*. At all relevant times, the Defendant was an employee at Western Correctional Institution.
5. DEFENDANT OFFICER B. WILBURN, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *OFFICIAL CAPACITY*. At all relevant times, the Defendant was an employee at Western Correctional Institution.
6. DEFENDANT PHILLIP JACKSON, Inmate, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. At all relevant times, the Defendant was an Inmate at Western Correctional Institution.
7. DEFENDANT OFFICER BEAL, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY*. At all relevant times, the Defendant was an employee at Western Correctional Institution.

8. DEFENDANT OFFICER S. WILSON, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY.* At all relevant times, the Defendant was an employee at Western Correctional Institution.

9. DEFENDANT OFFICER N. METZ, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY.* At all relevant times, the Defendant was an employee at Western Correctional Institution.

10. DEFENDANT LT. GORDON, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY.* At all relevant times, the Defendant was an employee at Western Correctional Institution.

11. DEFENDANT SGT. SLATE Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY.* At all relevant times, the Defendant was an employee at Western Correctional Institution.

12. DEFENDANT OFFICER FONTAINE, Western Correctional Institution, 13800 McMullen Highway, S.W., Cumberland, Maryland 21502. *INDIVIDUALLY AND OFFICAL CAPACITY.* At all relevant times, the Defendant was an employee at Western Correctional Institution.


## III.   FACTUAL ALLEGATIONS

1. In October 2011, Troy Barnes was transferred to Western Correctional Institution (WCI) to complete a 20 year sentence.

2. On November 26, 2011, Plaintiff's half-brother, via father Corey Barnes Sr., named Dallas Evans, an inmate at WCI and a known Crip gang member, was involved in a violent altercation with several members of the Blood Gang. Thereafter, Mr. Evans was transferred to North Branch Correctional Institution ("NBCI"), 14100 McMullen Highway, S.W. Cumberland, Maryland. Some of the rival gang, the Bloods. Mr. Evans was taken to NBCI correctional facility after the incident and the blood members who involved were placed on disciplinary cell restriction.

3. The Blood members who were involved in the 11/26/2011 incident were returned to the general population of the prison.

4. On June 6, 2012, while in line for commissary, Troy Barnes witnessed/heard blood members, named "Homicide" and another named "Trouble," discussing their intentions to kill Barnes because of his relation to the rival gang leader Dallas Evans. After hearing this, Barnes left the commissary room and headed toward the nearest watch booth. While on his way, Sgt J. Femi approached Barnes and asked where he was going. Barnes explained that he did not want to return to his own cell because of what he heard the gang members discussing. Femi insisted that Barnes return to his cell, but Barnes refused.

Femi placed hand restraints on Barnes and escorted him to Unit #4, where he was given a ticket and put on disciplinary segregation for 45 days.

5. On July 2, 2012, Troy Barnes and his mother both send letters to the warden expressing concerns of Barnes's safety. Barnes's requested to be placed in protective custody but was denied.

6. On July 20, 2012, Troy Barnes was informed that his segregation time was over, and he was going to be sent back to the general population. Barnes asked what housing unit he was going to and was told HU 3, the "gang" housing unit which is the building he fled from. Barnes was again forced to refuse housing to ensure his safety.

7. On August 2012, Barnes met with case managers, Steve Helmick and Dave Bittinger, as well as Lt. Gordon (or Lt. Liken) about his safety concerns if he returned to HU 3. It was reconciled and Barnes was sent to HU 2 upon completed segregation sentence on September 3, 2012

8. On February 17, 2015, Inmate Phillip Jackson was transferred from Hagerstown Correctional Institution for assault on staff. Upon arrival, Jackson threatened to fight every cell mate unless he was put in a cell with his old cellmate from Hagerstown.

9. On February 20, 2015, Phillip Jackson attacked Plaintiff for the first time. The attack leaves Barnes with a split top lip.

10. On February 21, 2015, Defendant Jackson informs Plaintiff that he is a Blood Gang member and informed the Plaintiff that he discussed his gang involvement with Lt. Gordon.

11. On February 24, 2015,  Plaintiff attempted to save himself by informing Defendant COR. Beal during lunch time that he needed help for an anxiety attack and thoughts of harming himself. Later Plaintiff is taken to holding cell "door 419" where he is slammed to the ground while in handcuffs and struck in face with knee of Officer B. Wilburn and repeatedly sprayed with pepper spray while being interrogated, hackled, made fun of, called stupid.  After Officers N. Metz and Officer B. Wilburn left 5 minutes later Sgt Slate entered saying "hey stupid" and sprayed Plaintiff once more with pepper spray. 10 minutes later Plaintiff was examined by a nurse and pictures are taken of him and he's sent to a scalding hot shower to wash off the spray. 20 minutes later Plaintiff is taken to SOH medical observational housing where he was evaluated by psychology associate Shane Weber, whom Plaintiff asked if it would be possible to finish his remaining 22 days of segregation time in SOH because he was afraid to return to his cell, cell 35 A-Tier HU 4. After 24 hours in SOH Plaintiff was discharged.

12. On February 25, 2015, Plaintiff is returned to HU 4, put in holding cell of the property room where property Officer S. Wilson was getting property. Plaintiff asked him if he knew what cell they were putting him in. Mr. Wilson said Cell 35. Plaintiff asked if inmate Philip Jackson was still in there, and the Officer replied "yes". Plaintiff told

Officer Wilson that he couldn't go back in there with him and he replied "what's he doing to you" Plaintiff replied that Defendant Jackson promised to hurt him if he returned. Dismissively the officer said well if you refuse you'll go in B-1 (cell) "the butt naked cell." Plaintiff said okay he will go there. Plaintiff was taken to cell B-1 and remained there until March 1, 2015 with no mattress or blanket and forced to sleep on the concrete which was riddled with mice feces. Plaintiff was only fed breakfast 3 times, not served lunch, and fed dinner only twice. The butt naked cell is a cold dark cell where the prisoner is resigned to sleeping on a bug infested floor with no mattress or covers and must do so with no cloths.  Further, meals are irregular, and not activity is allowed.

13. On March 1, 2015, Officer B. Wilburn came to cell B-1 and informed Plaintiff was going back to normal housing. As they got to a tier Plaintiff asked what cell he was being placed in and Officer Wilburn replied Cell 35. Plaintiff said he couldn't go back in there because he will be in danger. Officer Wilburn replied, "well, you're going." Mr Barnes said he refused and asked to be taken back to B-1. Officer Wilburn said that he didn't have that option anymore. Thereafter,  Plaintiff asked to see a lieutenant. Officer Wilburn refused the request. Plaintiff was forcibly taken to Cell 35. Plaintiff said that there were going to be problems and said "please I can't go in." Standing nearby were officers including Sgt Slate and S. Wilson. Out of fear of being abused and sprayed by staff again Plaintiff entered Cell 35.

14. On March 2, 2015, Plaintiff filled out a request for administrative remedy for a violation of protocol on the part of Officer Metz and Wilburn in regards to handling Plaintiff in need of psychiatric help. When Plaintiff asked for help due to severe anxiety and suicidal thoughts he was ignored. *Exhibit 1.*

15. On March 5, 2015, Defendant Jackson began beating the Plaintiff, causing Plaintiff to suffer extensive and obvious injuries.

16. On March 6, 2015, the abuse continued and became  more violent.  Defendant Jackson warns the Plaintiff that if he told of the abuse that his gang members would kill the Plaintiff.

17. On March 7, 2015, in the morning around 9:30 while returning from the showers, The Plaintiff walked slowly and once Defendant Jackson was out of earshot Plaintiff informed Officer Fontaine that he needed help to get out of the cell and show the officer his face, saying "look at my face". Officer Fontaine told Plaintiff to write down what was going on and he would grab it later. Plaintiff did as told, however, Officer Fontaine did not return to the cell to retrieve it.

18. Later that night, Plaintiff wrote a sick call slip with a message on it that said "need emergency treatment for blunt force trauma from assault" The abuse continued, torment as well as what was mentioned on March 6 and March 5 of 2015.

19. On March 8, 2015, the abuse peaks. Inmate Jackson beats Plaintiff so extensively, the Plaintiff feared for his life.

20. On March 8, 2015, at 7:40 Plaintiff heard the medical cart coming down the tier. At this time Defendant Jackson was trying to strangle Plaintiff. Fearing that Jackson would kill him, when medical opened the cell slots, Plaintiff ran past Defendant Jackson and put his arms through the slot and reached out to the Officer T. Sines and begged for help screaming "please get me out of here look at me look at me!" By this time Plaintiff's head was swollen. The officer still hesitated for a minute before calling for help. Plaintiff was removed and collapsed on steps of A-tier. Officer Davis was called and assisted lifting Plaintiff to the medical ward where he was pre-screened and deemed E.R. status. He was taken to Western Maryland Regional Health Center.

21. On March 8, 2015, Plaintiff was charged with fighting, though found not guilty.  See Exhibit 2.

22. On March 9 2015, at 3 in the morning Plaintiff returned to WCI and was placed in the infirmary for 4 days.

23. On March 13, 2015, Plaintiff was placed on B-Tier cell number 4 HU 4 and eventually moved to another facility.

24. On March 26, 2015, the Plaintiff filed a Request for Administrative Remedy concerning the Officer's refusal to provide medical care when asked on February 25, 2015. Exhibit 3.

### IV.   EXHAUSTON OF ADMINISTRATIVE REMEDIES

25. Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

26. The Plaintiff has exhausted his administrative remedies.

27. Plaintiff used the prisoner grievance procedure available at the Western Correctional Institution and Department of Public Safety and Correctional Services. On March 2, 2015 and March 26, 2015, Plaintiff filed a "Request for Administrative Remedy" based on the facts relating to this complaint.  The Grievance and decision are attached as Exhibit 1 and Exhibit 3.

COUNT I<br>42 U.S.C. Sec 1983

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-27.

29.  Plaintiff claims damages under 42 U.S.C. § 1983 for injuries he received set forth above against Defendants Metz, Gordon, Wilburn, Slate and Wilson for violation of Plaintiff's constitutional rights under color of law.

## COUNT II
## VIOLATION OF EIGHTH AMENDMENT

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29.
31. Plaintiff claims damages because his constitutional right, as a prisoner, not to be exposed to excessive physical force or deliberately allowed to be seriously injured by someone else were violated by Defendants.
32. That the facts stated above against the said Officers showed that they used excessive force against the prisoner and continued to put the prisoner in the same cell with Defendant Jackson, knowing that the Plaintiff was afraid and was being beaten, as outlined in the facts stated herein.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32.
34. Plaintiff claims damages because Defendants  Metz, Beal, Wilburn, Slate and Wilson knew or should have known that Defendant Jackson was a gang member, knew or should have known that Plaintiff was afraid and knew that Defendant Jackson was causing harm to the Plaintiff, yet they all continued to force the Plaintiff back into the same cell with Defendant Jackson, and when Plaintiff did not go willingly, Defendants Metz, Beal, Wilburn, Slate and Wilson would be beat Plaintiff and spray him with pepper spray, threatened to put in the "Buck Naked Room" and verbally torment the Defendant with degrading and humiliating language.
35. The said Defendant's conduct was intentional, reckless, and in deliberate disregard of probability that emotional distress would result to the Plaintiff.

## COUNT IV
## NEGLIGENCE- Maryland Tort Claims Act

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35.
37. Plaintiff claims damages against all defendants individually and severally on grounds that the Officers, Defendant Graham, and Defendant Butler have a duty to keep prisoners safe and protect them from unreasonable risk of harm to the Plaintiff and caused him to suffer damages.
38. The Defendants failed to take precautions generally available when it is aware of gang activity that may cause harm to a prisoner and despite the actual notice and constructive notice of the gang activity involving the Plaintiff, Defendants did not take any steps to assist the Plaintiff until he was beaten very badly by Defendant Jackson.
39. Officers Beal, Wilburn, Wilson, Metz, Fontaine, Gordon and Slate were informed on various dates beginning on February 24, 2015 that the Plaintiff needed help but did nothing to prevent further harm to the Plaintiff.
40. Also, Defendant Fontaine was directly told of the abuse with the Plaintiff bearing scars on March 7, 2015 and did not take any measure to prevent further injury to the Plaintiff.
41. As a result, Mr Barnes suffered extensive physical and mental injuries.
42. There was no want of due care on the part of the Plaintiff in either circumstance.

COUNT V

VIOLATION OF MARYLAND DECLARATION OF RIGHTS

43. Plaintiff re-alleges and incorporates by reference paragraphs 1-42.
44. Plaintiff claim damages against the Defendants individually and severally violated the Maryland Declaration of Rights due and owing to the Plaintiff. As a result Plaintiff was permanently physically and mentally injured.

COUNT VI

ASSAULT

45. Plaintiff re-alleges and incorporates by reference paragraphs 1-44.
46. Plaintiff claims damages against Defendants Metz, Wilburn, Slate, Wilson, Beal and inmate Jackson,  individually and severally, for the assaults fully outlined in the facts stated herein.
47. Defendant Jackson repeatedly threatened to hurt or kill the Plaintiff.
48. Defendants Metz, Wilburn, Slate, Wilson and Beal repeatedly threatened to place the Plaintiff in the "Buck Naked" if he did not go back into the cell with Defendant Jackson. Further, the Defendant's threatened to spray Plaintiff with pepper spray and to physically harm him if he did not go back into the cell with Defendant Jackson.
49. Plaintiff was fearful of going in the cell with Defendant Jackson and was fearful of being beaten again by the Defendant Officer's if he did not obey their order to do so.

COUNT VII

BATTERY

50.  Plaintiff re-alleges and incorporates by reference paragraphs 1-49.
51. Plaintiff claims damages against Defendants  Metz, Wilburn, Slate, Wilson and inmate Jackson,  individually and severally, for the battery fully outlined in the facts stated herein
52. Defendants Metz, Wilburn, Slate, Beale, and Wilson repeatedly beat the Plaintiff, sprayed him with pepper spray and threw him around on the floor and walls of the cell, causing him injury.
53. Defendant Jackson beat Plaintiff repeatedly for days causing him to be placed in an emergency health status.

COUNT VIII

HARASSMENT BY PRISON OFFICIALS

54. Plaintiff re-alleges and incorporates by reference paragraphs 1-53.
55. Plaintiff claims damages against Officer for mental, emotional and physical injuries sustained after he begged the officer's to help him when he was being threatened and beaten by Mr. Jackson.  Instead of helping, the officer's sprayed the Plaintiff with pepper spray, shouted obscenities and degrading language to him and hit and beat him and

9

threatened to put him into the "Buck Naked Room" and refused to allow him to speak to a supervisor.  This behavior extended a period of February 24, 2015 until March 8, 2015 when he was beaten so badly by Defendant Jackson that medical care was required.

56. Further, the Plaintiff was charged fighting Defendant Jackson.

## COUNT IX
## CONSTITUTIONAL TORT –DELIBERATE INDIFFERENCE

57. Plaintiff re-alleges and incorporates by reference paragraphs 1-56.

58. The Warden was informed by the Plaintiff and by his Mom in writing concerning the substantial risk of serious harm that the Plaintiff was exposed to.

59. Despite knowing that the hisotry of the Plaintiff's relative and gang related actifity and despite the Plaintiff making every effort to seek help, the Warden  and the Officers disregarded the risk by failing to act reasonably to avoid Defendant Jackson beating the Plaintiff.

## COUNT X
## RESPONDEAT SUPERIOR

60. Plaintiff re-alleges and incorporates by reference paragraphs 1-59.

61. Defendant Richard J. Graham,  Jr., Warden of Western Correctional Institute and Bradley Butler, Chief of Security, are liable for the assault and battery committed by Defendants who commited the assault and battery while acting within the scope of their employment. .

## COUNT XI
## PUNITIVE DAMAGES

62. Plaintiff re-alleges and incorporates by reference paragraphs 1-61.

63. The Defendant claims punitive damages agains the Defendant's because their conduct was reckless and callously indifferent to the federally and statutory protected rights of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully pray that this court enter judgment:

a.  Granting Plaintiff a declaration that the acts and omissions described herein violate his

rights under the Constitution and laws of the United States, and

b.  Granting a preliminary and permananet injunction ordering defendants to cease their

physical violence and threats toward the Plaintiff.

c.   Granting  compensatory damages against each defendant, jointly and severally, in the amount of $85,000.00.

d.   Granting  punitive damages with respect to statutory and tort claims in an amount of awarded by the jury against each Defendant, jointly and severally.

e. Granting  reasonable attorney fees and costs incurred for this lawsit.

f.   For any and all other equitable and legal relief to which Plaintiff appears entitled.

March 13, 2016

By:   THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

_____s/s_____
Jessie Lyons Crawford, Esq.
Federal Bar No.: 25247
2601 Maryland Avenue
Baltimore, Maryland 21218
(410) 662-1230, Office
(410) 662-1238, Facsimile
attorneyjlcrawford@verizon.net
COUNSEL TO PLAINTIFF

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters on information and belief, and as to those, I believe them to be true.  I certify that under penalty of perjury that the foregoing is true and correct.

Verified at Roxbury Correction Institution on February 27, 2016

*Troy Eric Barnes s/s*

## JURY TRIAL PRAYER

Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and

demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

By:   THE LAW OFFICES OF JESSIE LYONS CRAWFORD, LLC

_____s/s_____
Jessie Lyons Crawford, Esq.