IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Civil Division)

|  |  |
|---|---|
| **TROY ERIC BARNES** | * |
| **Plaintiff** | *   Civil Case No.: 1:16-CV-00502-ELH |
| Vs. | * |
| **STATE OF MARYLAND** | * |
| Et al. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **DECLARATION OF JESSIE LYONS CRAWFORD, ESQUIRE**

Additional Discovery is required in order to respond to the issues raised in the Motion to Dismiss or in the Alternative for Summary Judgment. The Plaintiff has a legitimate need for further discovery. The Plaintiff is unable to mount a defense against the Defendants' Motion without discovery. The belief that specific facts exist to prove his case and that those facts can be collected through discovery, and that those facts will influence the decision on the motion for summary judgment and/or motion to dismiss.

1. The formal written complaints filed by the Plaintiff will be revealed in Discovery with testimony as to the nature of the complaints and what investigations were conducted.

2. Defendants make a number of assertions that require Plaintiff to engage in discovery to refute them. Plaintiff does not believe it will be difficult to do so, but needs information and all of it is in the sole possession and control of the Defendants.

3. Defendants claim that that "pepper spraying" the Plaintiff was not a constitutional violation and essentially was reasonable and proper conduct under the circumstances. The Plaintiff believes that the conduct was a constitutional violation and was neither reasonable nor proper conduct and is in need of discovery to examine policy, procedure, standard of conduct of

the officers as well the extent of their behavior and their state of mind. Discovery will be sought, but not limited to: (a) Plaintiff inmate file, medical reports and other materials; (b) Reports of the incidents as outlined in the Amended Complaint; (c) Depositions of all superiors and any and all persons involved in the processing of Plaintiff's claims as outlined in the Amended Complaint (d) Defendant's policies and procedures pertaining to managing the inmates and of disciplinary actions against any of the officers involved.

      4.     Discovery is also needed so that Plaintiff can establish that the Defendant knew that the Plaintiff had an enemy list and that despite that, the Defendants placed him in the cell with a gang member of a known enemy to the Plaintiff and refused to help the Plaintiff when he begged for help. Depositions and other discovery are necessary in order to establish this fact.

      5.     The Plaintiff must also have an opportunity to discover whether the Plaintiff exhausted his administrative remedies and, if he did not, whether the Defendant waived the requirement. Depositions of the Defendants who were apart of the process is necessary to determine this fact.

      6.     The Plaintiff also need to depose the Defendants and any other parties involved to determine if Respondeat Superior is viable in this case. Depositions and other discovery will assist in determining if a supervisor was involved.

      7.     The Plaintiff would needs the opportunity to propound interrogatories and request for documents concerning policies and procedures of the Defendant in addressing the issue of known gang members in a cell with an inmate who has enemies within that gang. This is what the Plaintiff believes occurred and discovery is necessary in order to determine if those policies and procedures were violated.

8.      After the Plaintiff complained about being attacked by Defendant Jackson, Defendants placed Mr. Jackson in a room called the "buck naked room" where he is stripped of his cloths and placed in the cell without a mattress or covering.  Discovery is necessary to determine if the Defendant followed policy and procedures concerning the treatment of Plaintiff after he asked for help from the defendants.

9.      The Plaintiff did suffer verbal threats and harassment from the officers. Further, the discovery would determine what was said and whether based on the Defendant's policies and procedures a violation occurred.

10.     The Plaintiff did suffer isolation, inactivity, discomfort and inconvenience because he requested that the Defendant move him away from Defendant Jackson.  The question is whether the Defendants have such a policy in place to allow the officers to punish the inmates when the inmates request their help. The discovery process, including depositions, would assist in obtaining the facts, policies and procedures applicable to this scenario. Additionally, the Plaintiff will have an opportunity to discover the state mind of the Defendants.

12.     The Plaintiff should have an opportunity to conduct discovery to determine if the Defendants are immune from the Maryland Tort Claims act.  The State believes that the officers were merely doing their job. The Plaintiff believes discovery will determine if this is a fact.  As it is known by the Plaintiff, the Officers went beyond the scope of their job and caused him physical harm. For this reason, the discovery is necessary to determine the officer's actions and state of mind.

13.     The Plaintiff believes discovery is necessary to determine if the officers acted with actual malice. There is no way of knowing every aspect of this case unless discovery is

conducted. In the process, the actions of each officer will be discovered as well as their state of mind.

14. The defendants claim qualified immunity. To determine if that immunity implicated the Plaintiff's clearly establish rights under the State or Federal Constitutions, discovery is necessary. The state of mind and the actions of the officers will only be learned through the discovery process.

15. The Defendants Motion to Dismiss and in the alternative for Summary Judgment is premature in that the Plaintiff must have an opportunity to conduct discovery to determine the actions of each Defendant and the state of mind of each Defendant. Further, the policies, procedures and standard operating manual needs to be discovered.

16. The Defendants have not provided the documents requested and resulted in the parties filing six consent motions to extend the time for filing the Plaintiff's response. At the writing of this Motion, the Plaintiff has not been provided the documents.

April 18, 2017                                  _____/s/_____
                                                Jessie Lyons Crawford, Esquire
                                                Counsel to Plaintiff